**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 2, 2025

Mr. Denny Maison
Jones & Maison
1995 Commercial St. S Suite 120
Salem, OR 97302

   Re: *United States v. Luis Rodolpho Perez Romo,*
      Case Number 3:24-cr-391-8
      Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the superseding indictment alleging, conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) and 846, and admit the first forfeiture allegation.

3. **Penalties**: The maximum sentence is 10 years to life imprisonment, a fine of $10 million, not less than five years' supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendant understands that if defendant is not a United States citizen, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

Mr. Denny Maison
Re:  Luis Rodolpho Perez Romo, Plea Agreement Letter
Page 2
June 2, 2025

4.  **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on a date unknown but not later than on or before the month of August 2024 and continuing until an unknown date but ending no earlier than November 20, 2024, there was an agreement between two or more persons to possess with intent to distribute and distribute controlled substances (methamphetamine);

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant conspired with others to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Defendant admits the elements of the offense alleged in Count One of the Superseding Indictment filed herein.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The government's investigation established the following facts beyond a reasonable doubt:

Beginning in August 2024, DEA task force investigators began investigating a Mexico-based drug trafficking organization (DTO) operating in the Portland Oregon area. Through physical and electronic surveillance, including wiretap intercepts of a DTO member's cellphone, investigators learned co-defendant Jose Luis Malfavon Lopez (Malfavon) was a bulk narcotics distributor, and identified co-defendant Yunis Sthevens Falla Moreno (Falla) as one of Malfavon's sources of supply. Investigators discovered that Malfavon had ordered a bulk quantity of drugs from Falla, and that Falla had arranged to bring the drugs to Oregon on or about October 28, 2024. Falla recruited Luis Rodolpho Perez to assist Falla in transporting and distributing the drugs from California to Oregon. Defendant agreed to help drive controlled substances from California to Falla's customer in Oregon.

Mr. Denny Maison
Re:  Luis Rodolpho Perez Romo, Plea Agreement Letter
Page 3
June 2, 2025

Beginning in late October 2024, investigators lawfully monitored communications indicating Falla had agreed to distribute 55 pounds of methamphetamine to Malfavon. The two men had arranged for Falla to transport the drugs to Malfavon in Salem Oregon. Geolocation data for Falla's phone began tracking northbound in California along I-5 towards Oregon. Investigators monitored additional communications indicating Falla was enroute to Oregon with the drugs.

Investigators deployed to southern Oregon to locate and seize the drugs. Investigators located Falla driving a California plated car registered to Falla's wife traveling northbound in Oregon. Investigators stopped the car and detained Falla (the driver), and defendant (in the rear passenger seat).  A drug detecting canine alerted to the presence of narcotics near the trunk of the car. Investigators lawfully searched the car and seized approximately 27.12 gross kilograms of methamphetamine (gross weight includes packaging materials) concealed in a storage tote in the trunk of the car. In a post-Miranda interview with investigators, Falla told investigators that he had hired defendant to assist with the drive to distribute the drugs. Defendant initially lied about his activities, but eventually admitted that he was aware of the purpose of the trip and the drugs in the trunk.

6.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(2) is a Base Offense Level of 36 based upon a total of 15-45 kilograms of a mixture substance containing methamphetamine. prior to any adjustments or other reductions. The parties agree that defendant qualifies for a four-level mitigating role adjustment (USSG § 3B1.2(a)) which triggers a downward adjustment to base offense level of 32 (USSG § 2D1.1(a)(5). The parties further agree that defendant qualifies for a two-level Safety Valve reduction (USSG § 2D1.1(b)(18)). The parties estimate defendant's adjusted offense level (prior to acceptance of responsibility and other reductions) to be a level 26.

8.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Mr. Denny Maison
Re:  Luis Rodolpho Perez Romo, Plea Agreement Letter
Page 4
June 2, 2025

9.      **Sentencing Recommendation**: The government will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant may argue for additional 3553(a) reductions.

10.     **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11.     **"Safety Valve" Adjustment**: The parties agree that the defendant is eligible for the "safety valve" pursuant to 18 U.S.C. § 3553(f).

12.     **Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

13.     **Additional Departures, Adjustments, or Variances**: The USAO agrees to recommend an additional two-level downward variance based upon all 3553(a) factors including defendant's early expression of his intent to resolve and resolution without unnecessary motions or delays. The government agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  If Defendant seeks any additional any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, defendant shall inform the government of basis, and factual support for further reductions two weeks prior to sentencing. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that any of defendant's conviction(s) under this agreement is vacated, the government may reinstate and/or file any other

Mr. Denny Maison
Re: Luis Rodolpho Perez Romo, Plea Agreement Letter
Page 5
June 2, 2025

charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $5,600 U.S. currency, a Smith and Wesson M&P Shield 40 mm caliber pistol, a Sig Sauer P365 9mm caliber pistol, and all associated ammunition and accessories, which constitute proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of Title 21 United States Code Sections 841(a)(1), (b)(1)(A)(viii) and 846, as set forth in Count 1 of the superseding indictment.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all

Mr. Denny Maison
Re:  Luis Rodolpho Perez Romo, Plea Agreement Letter
Page 6
June 2, 2025

constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

        D.     **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        E.     **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

        F.     **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.    **Deadline**:  This plea offer expires if not accepted within two weeks of the date of this letter.

                       Sincerely,

                       WILLIAM M. NARUS
                       Acting United States Attorney

                       PAUL T. MALONEY
                       Assistant United States Attorney

Mr. Denny Maison
Re:  Luis Rodolpho Perez Romo, Plea Agreement Letter
Page 7
June 2, 2025

### *United States of America v. Luis Rodolpho Perez Romo*
### 3:24-cr-391-8
### Plea Agreement

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

6/16/25
Date

_____
LUIS RODOLPHO PEREZ ROMO
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/16/25
Date

_____
DENNY MAISON
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

6/16/25
Date

_____
Interpreter (if necessary)