

**ᴖ MAIN OFFICE**
ᵈ Avenue, Suite 600
,gon 97204
_ᵣ-1000
.ᵥw.usdoj.gov/usao/or

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 9, 2026

Mr. Andrew M. Kohlmetz
741 SW Lincoln Street
Portland, OR 97201

> Re:   *United States v. Freddy John Bish,*
>        Case Number 3:24-cr-391-11
>        2ⁿᵈ Amended Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count Two of the superseding indictment alleging, conspiracy to traffic firearms in violation of Title 18, United States Code, Section 933(a)(3), and admit the second forfeiture allegation.

3.    **Penalties**: The maximum sentence is 15 years' imprisonment, a fine of $250,000, three years' supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendant understands that if convicted, a defendant who is not a United States citizen, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States, denied citizenship and future admission to the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

Mr. Andrew Kohlmetz                                          January 9, 2026
Re: Freddy John Bish, 2nd Amended Plea Agreement Letter
Page 2

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on or about the month of September 2024 and continuing until on or about September 28, 2024, in the District of Oregon and elsewhere, there was an agreement between two or more persons to ship, transport, cause to be transported or otherwise dispose of firearms;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant conspired with others to ship, transport, transfer, cause to be transported or otherwise dispose of firearms.

Defendant admits the elements of the offense alleged in Count Two of the Superseding Indictment filed herein.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The government's investigation established the following facts beyond a reasonable doubt:

Beginning in August 2024, DEA task force investigators began investigating a Mexico-based drug trafficking organization (DTO) operating in the Portland Oregon area. Through physical and electronic surveillance, including wiretap intercepts of a DTO member's cellphone, investigators learned co-defendants Hugo Alberto Roman Aparicio (Roman) and Jesus Antonio Ruiz Aispuro were conspiring to ship firearms south to Mexico. The intercepted communications indicated that the guns were to be used in Mexico for the "civil war" DEA investigators believed this to be referencing cartel violence in Mexico. Defendant was recruited to drive the guns which had been concealed in the spare tire compartment. Defendant agreed to transport the guns to an unidentified co-conspirator in California and indicated that he did not want to transport them to Mexico.

Mr. Andrew Kohlmetz                                                    January 9, 2026
Re: Freddy John Bish, 2nd Amended Plea Agreement Letter
Page 3

After defendant left Oregon with his girlfriend driving the guns, Roman and Aispuro grew concerned that defendant was not going to deliver the guns as agreed. The two men became increasingly frustrated with defendant's non-responsiveness.

Investigators were concerned that defendant, a convicted felon with a history of narcotics offenses, was using drugs and in possession of an arsenal of high-powered weapons. Investigators were lawfully tracking defendant's cellphone and passed the lead to California Highway Patrol who found and arrested defendant on September 28. 2024 in California. CHP lawfully searched the car and seized twelve firearms that had been concealed in the spare tire compartment. The twelve firearms were described as follows:

1.    a White/black AR style rifle with no identifying marks or serial numbers;
2.    a Black Radical Firearm AR style rifle, serial# 20-048664;
3.    a Brown/black SKS rifle, serial# 2100251;
4.    a Black/gray Palmetto State Armory rifle, serial# PI061889;
5.    a Black SKS rifle, serial# 102187150;
6.    a Gold/black unknown make rifle, partial serial # 2419 (partial);
7.    a Black Springfield Armory rifle, serial# ST454972;
8.    a Black Ruger Handgun, serial# 309-39129;
9.    a Black Sig Sauer handgun, serial# B127336;
10.   a Black Smith and Wesson handgun, serial# CVP8002;
11.   a Black/white revolver, serial # E34071; and
12.   a Black/red Taurus handgun, serial# NAP62212.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2K2.1(a) is at least a Base Offense Level of 20 based upon a prior conviction for a controlled substance offense, and may be a 22 if the firearm(s) involved being semiautomatic firearms capable of accepting a large capacity magazine prior to any adjustments or other reductions. The parties agree that defendant qualifies for a four-level enhancement for possessing between 8-24 firearms (USSG § 2K2.1(b)(1)(B). The parties further agree that at least two levels are added for a stolen firearm, alternatively four levels are added if any of the firearm(s) has an obliterated serial number(s) (USSG § 2K2.1(b)(4). The parties further agree that the offense level adjustment under USSG § 2K2.1(b) applies which adjusts the offense level to 29. The parties agree that five levels are added under USSG § 2K2.1(b)(5)(C) for transferring more than two firearms to a person who intends to use or dispose of the firearm unlawfully.  The parties further agree that defendant qualifies for a two-level role reduction (USSG § 3B1.2). The parties

Mr. Andrew Kohlmetz                                                          January 9, 2026
Re: Freddy John Bish, 2nd Amended Plea Agreement Letter
Page 4

estimate defendant's adjusted offense level (prior to acceptance of responsibility and other reductions) to be a level 32.

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.     **Joint Sentencing Recommendation**: The parties agree to jointly recommend a sentence of not more than 57 months imprisonment to be followed by three years' supervised release, depending upon resolution of the guideline issues noted in paragraph 7, so long as defendant demonstrates an acceptance of responsibility as explained above.

10.    **Firearms Transfer Enhancement**: The parties agree that the five-level enhancement for transferring two or more firearms to a person who intends to use or dispose of the firearm unlawfully applies. USSG § 2K2.1(b)(5)(C).

11.    **Mitigating Role Adjustment**: The parties agree that a two-level downward adjustment for defendant's role as a minor participant applies. USSG § 3B1.2.

12.    **No Adjustment for Certain "Zero-Point" Offenders**: The parties agree that defendant does not qualify for this adjustment.

13.    **Additional Departures, Adjustments, or Variances**: The parties agree to a variance under 18 U.S.C. § 3553(a) only to the extent one is necessary to achieve the joint recommendation of 57 months' imprisonment.

14.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's

Mr. Andrew Kohlmetz                                      January 9, 2026
Re: Freddy John Bish, 2nd Amended Plea Agreement Letter
Page 5

conviction(s) under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 934(a)(1)(B), including: a White/black AR style rifle with no identifying marks or serial numbers; a Black Radical Firearm AR style rifle, serial# 20-048664; a Brown/black SKS rifle, serial# 2100251; a Black/gray Palmetto State Armory rifle, serial# PI061889; a Black SKS rifle, serial# 102187150; a Gold/black unknown make rifle, partial serial # 2419 (partial); a Black Springfield Armory rifle, serial# ST454972; a Black Ruger Handgun, serial# 309-39129; a Black Sig Sauer handgun, serial# B127336; a Black Smith and Wesson handgun, serial# CVP8002; a Black/white revolver, serial # E34071; and a Black/red Taurus handgun, serial# NAP62212, and all associated ammunition and accessories, which were involved in and used to facilitate defendant's criminal activity in violation of Title 19 United States Code Sections 933(a)(3), as set forth in Count Two of the superseding indictment.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any

Mr. Andrew Kohlmetz                                          January 9, 2026
Re: Freddy John Bish, 2nd Amended Plea Agreement Letter
Page 6

forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

Mr. Andrew Kohlmetz                                                    January 9, 2026
Re: Freddy John Bish, 2nd Amended Plea Agreement Letter
Page 7

20.    **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY
Assistant United States Attorney

***United States of America v. Freddy John Bish***
**3:24-cr-391-11**
**2nd Amended Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/21/26
Date

Freddy Bish
FREDDY JOHN BISH
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/21/26
Date

ANDREW M. KOHLMETZ
Attorney for Defendant