**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 10, 2026

Mr. Jamie Kilberg
Kauffman Kilberg LLC
1050 SW 6th Avenue Suite 1414
Portland, OR 97204

Re:    *United States v. Carlos Manuel Perez
       Lopez*, Case Number 3:24-cr-00391-IM-1
       Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive indictment and plead guilty to a superseding information alleging conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(viii) and 846 and admit the forfeiture allegation.

3.    **Penalties**: The maximum sentence 40 years' imprisonment, a fine of $5 million, not less than 4 years' supervised release, and a $100 fee assessment. Defendant also understands he is subject to a mandatory minimum sentence of five years. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendant understands that if convicted, a defendant who is not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional

Mr. Jamie Kilberg                                                    February 10, 2026
Re:  Carlos Manuel Perez Lopez, Plea Agreement Letter
Page 2

charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.      **Elements and Factual Basis**: For defendant to be found guilty of Count One of the superseding information, the government must prove the following elements beyond a reasonable doubt:

First, beginning on a date unknown but not later than on or before the month of August 2024 and continuing until an unknown date but ending no earlier than November 20, 2024, in the District of Oregon and elsewhere, there was an agreement between two or more persons to possess with intent to distribute and distribute controlled substances (methamphetamine);

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant conspired with others to distribute 40 grams [50] or more of a mixture or substance containing a detectable amount of methamphetamine.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The government's investigation established the following facts beyond a reasonable doubt:

In August 2024, DEA task force investigators were investigating a Mexico-based drug trafficking organization (DTO) operating in the Portland, Oregon area. Through physical and electronic surveillance, including lawfully recorded calls and messages with defendant's cellphone, cellphone geolocation data, investigators learned defendant was a bulk narcotics distributor operating in the Portland, Oregon area. Defendant and others agreed to transport large quantities of controlled substances – including methamphetamine, and fentanyl – from outside of Oregon, into Oregon, to be sold to defendant's drug customers for distribution to others.

In September 2024, defendant contacted a government informant and indicated he would soon have a large quantity of drugs to distribute to the informant. On September 13, 2024, using physical and electronic surveillance, including lawfully obtained geolocation data from defendant's car, Investigators lawfully tracked defendant he departed the Portland Oregon area and began to travel southbound on I-5.

Investigators followed defendant to a truck stop near Aurora, Oregon where they observed him meet up with two Hispanic men near a semitruck. The truck and trailer had multiple plates from Texas, Maine, and Mexico. The meeting lasted approximately five minutes.

Mr. Jamie Kilberg
Re: Carlos Manuel Perez Lopez, Plea Agreement Letter
Page 3

February 10, 2026

Investigators watched as defendant left the truck stop and began to travel northbound on I-5 towards Portland.

At approximately 4 p.m. a Washington County Sheriff's deputy in a marked patrol car stopped defendant along I-5 near Carmen Drive in Tigard, Oregon. Defendant was alone and seated in the driver's seat in the car. Defendant was lawfully detained while the deputy's drug detecting canine was deployed around the car defendant had been driving. The dog alerted to the presence of narcotics. Having probable cause to search the mobile vehicle, DEA task force investigators lawfully searched the car along the roadside. Inside the trunk investigators found and lawfully seized bulk quantities of controlled substances that were later field tested and found to contain methamphetamine and fentanyl. In total, defendant's car contained more than 50 grams of a mixture or substance containing methamphetamine, and more than 40 grams of blue fentanyl pills.

6.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(2) is a Base Offense Level of 36 based upon a total of 30,000-90,000 kilograms of converted drug weight. prior to any adjustments or other reductions.

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.      **Sentencing Recommendation**: The government agrees to recommend a sentence not to exceed 144 months' imprisonment as long as defendant demonstrates an acceptance of responsibility as explained above.  The parties will jointly recommend a term of four years' supervised release. Defendant may argue for an additional 3553(a) downward variance to a sentence of not less than 96 months' imprisonment.

10.     **No Enhancement**:  The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior serious drug felony convictions or serious violent felony convictions pursuant to 21 USC §§ 802 and 851.

Mr. Jamie Kilberg                                                                    February 10, 2026
Re:  Carlos Manuel Perez Lopez, Plea Agreement Letter
Page 4

11.     **No "Safety Valve" Adjustment**:  The parties agree that the defendant is not eligible for the "safety valve" adjustment pursuant to 18 U.S.C. § 3553(f).

12.     **No Firearm Enactment**: The parties agree that firearm enhancement does not apply. USSG 2D1.1(b)(1).

13.     **No Role Adjustment**: The parties agree that defendant's relevant conduct does not qualify for a role adjustment, and that defendant acted as a typical bulk narcotics distributor.

14.     **18 U.S.C. § 3553(a) Variance: Expedited Early Resolution of a Complex Case**: By accepting this plea agreement, indicating an early intent to resolve this complex case, and agreeing to forego filing any motions or needlessly delay the proceedings, the parties agree these factors merit a two-level downward variance under 18 U.S.C. § 3553(a).  The parties are free to argue additional § 3553(a) variances on different 3553(a) factors to achieve the government recommendation of 144 months imprisonment and the defense recommendation of 96 months imprisonment.   Both the USAO and defendant agree that, should they seek a sentence within the agreed-upon range that requires any departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, they will provide the other party with notice of: (1) the factual basis for such request; (2) any evidence party seeking the variance intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, the party seeking the variance intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the other party no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Each party agrees that if it fails to comply with this notice requirement, it will not oppose motion by the other party for a postponement of the sentencing hearing.

15.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  If any part of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Mr. Jamie Kilberg                                                    February 10, 2026
Re: Carlos Manuel Perez Lopez, Plea Agreement Letter
Page 5

16.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.    **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the following property pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, so that appropriate disposition may be made, and consents to waive his right to notice of any abandonment proceedings as to the devices seized described as:

| Device Description | DEA Item Number |
|---|---|
| Celero 5G cellphone seized from defendant | N79 |

Defendant agrees to abandon his interest in the following vehicle:

       One Blue Toyota Camry bearing Oregon license plate 440NSR and VIN: 4T1BK46K48U072774.

20.    **Forfeiture Terms**:

       A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi) and 846, as set forth in Count 1 of the superseding information.

Mr. Jamie Kilberg                                                    February 10, 2026
Re:  Carlos Manuel Perez Lopez, Plea Agreement Letter
Page 6

       B.      **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

       C.      **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

       D.      **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

       E.      **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

       F.      **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

21.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Mr. Jamie Kilberg                                                February 10, 2026
Re: Carlos Manuel Perez Lopez, Plea Agreement Letter
Page 7

20.   **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY
Assistant United States Attorney

### *United States of America v. Carlos Manuel Perez Lopez*
### 3: 24-cr-00295-IM-1
### Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/25/26
Date

CARLOS MANUEL PEREZ LOPEZ
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/25/26
Date

JAMIE KILBERG
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

2/21/26
Date

Interpreter (if necessary)