SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00391-IM-5** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ARASMEL CAMPOS GONZALEZ,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a Mexico-based drug trafficking organization responsible for transporting enormous quantities of narcotics into Oregon. Pursuant to a plea agreement, he pled guilty to Count One of the superseding indictment. The parties have agreed to jointly recommend a sentence of 48 months' imprisonment, followed by five years' supervised release. The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

**Government's Sentencing Memorandum**                                                    **Page 1**

## I.       SENTENCING CALCULATIONS

### A.       Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(2) | 15-45 kilograms of converted methamphetamine mixture | **BOL=34** |
| USSG § 2D1.1(b)(18) | Safety valve | -2 |
|  | **Adjusted Offense Level** | **32** |
| USSG § 3E1.1(a) | Acceptance of responsibility | -3 |
| USSG § 4C1.1 | Zero Point Offender | -2 |
|  | **Total Offense Level** | **27** |

The government has agreed to recommend several reductions as detailed in the confidential supplement to the PSR including a three-level acceptance of responsibility reduction, and a two-level reduction for zero-point offender. The PSR correctly calculates defendant's criminal history category I (zero points). The resultant guideline range is 70-87 months' imprisonment.

Pursuant to the plea agreement the government has agreed to recommend a downward variance for all 3553(a) factors including defendant's early resolution of a complex case with no motions or needless delay. The government recommends a sentence of 48 months' custody followed by five years' supervised release. For the reasons set forth below, no further reductions are necessary to achieve a sufficient sentence.

### C.       The Recommended Sentence

Pursuant to the plea agreement, the government recommends a sentence of 48 months' imprisonment to be followed by five years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

**Government's Sentencing Memorandum**                                        **Page 2**

II.    ARGUMENT

A.    Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 18-25. In summary, DEA Task Force investigators had identified Julian Sagrero Guantes (Sagrero) as a bulk narcotics distributor operating in the Portland Oregon area. In November 2024, investigators were lawfully monitoring Sagrero's cellphone communications which indicated Sagrero expected to receive a bulk quantity of drugs from his supplier. Through physical and electronic surveillance, investigators had identified several locations Sagrero used to store and repackage drugs to distribute to others. With this information, Investigators applied for and received federal search warrants for these locations and vehicles associated to the premises.

On November 6, 2024, intercepted communications from Sagrero's phone indicated that the delivery was imminent. Armed with search warrants for the premises, investigators deployed to the location where they believed Sagrero was going to meet his supplier. Investigators watched defendant, Arasmel Campos Gonzalez arrive at the location and pass a weighted bag to Sagrero. Investigators sprang into action to disrupt the meeting by activating the overhead lights to their unmarked police vehicles and blocked the exit to the meeting location.

Investigators detained both Sagrero and defendant while they executed the search warrants. Investigators seized approximately 11 kilograms of methamphetamine that investigators believed defendant had just delivered to Sagrero. Investigators seized more drugs (fentanyl pills, cocaine, heroin and more methamphetamine) from the vehicles and a second location Sagrero used to distribute drugs. In total, investigators seized drugs totaling 25,763.25 kilograms of converted drug weight.

**Government's Sentencing Memorandum**                                    **Page 3**

Investigators arrested defendant. He declined to be interviewed. Following his arrest, investigators were unable to determine defendant's source of supply. Below is an image of the drugs seized on the day investigators arrested defendant and Sagrero:



## B.    48 Months' Imprisonment is Sufficient but Not More than Necessary

The facts of this case indicate that defendant was not a leader/organizer within the larger drug conspiracy rather, he was a typical interstate bulk narcotics distributor. The defendant has received many sentencing concessions despite the enormous quantity of drugs he had agreed to transport from Seattle, Washington to Oregon.

After all other reductions, including a three-level reduction for acceptance of accountability, two-level reduction for zero-point offender, and an agreed upon downward variance, defendant's offense level has been effectively reduced to a level 23. With a criminal history category of I, the government's 48-month sentence is near the low end of that range. No further reductions are necessary to achieve a just sentence in this case.

The plea agreement in this case, and the recommended sentence accounts for the defendant's role in the scheme and balances that against the massive quantities of drugs he possessed with intent to distribute to others for profit. For these reasons, in addition to those

**Government's Sentencing Memorandum**                                                    **Page 4**

detailed in the government's confidential supplement to the PSR, a sentence of 48 months' imprisonment and five years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

### III.    CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 48 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a five-year term of supervised release, subject to the standard conditions and special conditions set forth in the PSR.

Dated: May 18, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, QSB #013366
Assistant United States Attorney