**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 10, 2026

Mr. Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd S
Salem OR  97302

> Re:    *United States v. Hugo Roman Aparicio,*
> Case Number 3:24-cr-391-IM-2
> Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 2 of the superseding indictment alleging conspiracy to traffic in firearms in violation of Title 18, United States Code, Section 933 (a)(3) and admit the forfeiture allegation.

3.    **Penalties**: The maximum sentence is 15 imprisonment, a fine of $250,000, three years' supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

Mr. Kobin Patterson                                                      March 10, 2026
Re: Hugo Roman Aparicio, Plea Agreement Letter
Page 2

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:   In order for defendant to be found guilty of Count Two of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on or about the month of September 2024 and continuing until on or about September 28, 2024, in the District of Oregon and elsewhere, there was an agreement between two or more persons to ship, transport, cause to be transported or otherwise dispose of firearms;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant conspired with others to ship, transport, transfer, cause to be transported or otherwise dispose of firearms.

Defendant admits the elements of the offense alleged in Count Two of the Superseding Indictment filed herein.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The government's investigation established the following facts beyond a reasonable doubt:

Beginning in August 2024, DEA task force investigators began investigating a Mexico-based drug trafficking organization (DTO) operating in the Portland Oregon area. Through physical and electronic surveillance, including wiretap intercepts of a DTO member's cellphone, investigators learned Hugo Alberto Roman Aparicio (Roman) and Jesus Antonio Ruiz Aispuro were conspiring to ship firearms south to Mexico. The intercepted communications indicated that the guns were to be used in Mexico for the "civil war" DEA investigators believed this to be referencing cartel violence in Mexico. Co-defendant Freddy Bish (Bish) was recruited to drive the guns which had been concealed in the spare tire compartment. Defendant provided the vehicle that was used to transport the guns.

After Bish left Oregon with his girlfriend driving the guns, Roman and Aispuro grew concerned that Bish was not going to deliver the guns as agreed. Bish indicated that he did not want to transport the firearms to Mexico. Defendant and Ruiz Aispuro became increasingly

Mr. Kobin Patterson                                                    March 10, 2026
Re:  Hugo Roman Aparicio, Plea Agreement Letter
Page 3

frustrated with defendant's non-responsiveness, and they arranged for Bish to deliver the firearms to an unidentified co-conspirator in California.

Investigators were concerned that Bish, a convicted felon with a history of narcotics offenses, was using drugs and in possession of an arsenal of high-powered weapons. Investigators were lawfully tracking defendant's cellphone and passed the lead to California Highway Patrol who found and arrested defendant on September 28. 2024 in California. CHP lawfully searched the car and seized twelve firearms that had been concealed in the spare tire compartment. The twelve firearms were described as follows:

1.  a White/black AR style rifle with no identifying marks or serial numbers;
2.  a Black Radical Firearm AR style rifle, serial# 20-048664;
3.  a Brown/black SKS rifle, serial# 2100251;
4.  a Black/gray Palmetto State Armory rifle, serial# PI061889;
5.  a Black SKS rifle, serial# 102187150;
6.  a Gold/black unknown make rifle, partial serial # 2419 (partial);
7.  a Black Springfield Armory rifle, serial# ST454972;
8.  a Black Ruger Handgun, serial# 309-39129;
9.  a Black Sig Sauer handgun, serial# B127336;
10. a Black Smith and Wesson handgun, serial# CVP8002;
11. a Black/white revolver, serial # E34071; and
12. a Black/red Taurus handgun, serial# NAP62212.

6.  **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2K2.1(a)(3) is a Base Offense Level of 20 based upon the firearm(s) involved being semiautomatic firearms capable of accepting a large capacity magazine prior to any adjustments or other reductions. The parties agree that defendant qualifies for a four-level enhancement for possessing between 8-24 firearms (USSG § 2K2.1(b)(1)(B). The parties further agree that four levels are added for the obliterated serial number(s)/stolen firearm(s) (USSG § 2K2.1(b)(4). The parties agree that five levels are added under USSG § 2K2.1(b)(5)(C) for transferring more than two firearms to a person who intends to use or dispose of the firearm unlawfully.  The parties estimate defendant's adjusted offense level (prior to acceptance of responsibility and other reductions) to be a level 33.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's

Mr. Kobin Patterson                                                          March 10, 2026
Re: Hugo Roman Aparicio, Plea Agreement Letter
Page 4

offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.      **Sentencing Recommendation**: The government agrees to recommend a low-end sentence so long as defendant demonstrates an acceptance of responsibility as explained above. The parties agree to jointly recommend three years' supervised release. Defendant may seek additional 3553(a) reductions.

10.     **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11.     **Firearms Transfer Enhancement**: The parties agree that the five-level enhancement for transferring two or more firearms to a person who intends to use or dispose of the firearm unlawfully applies. USSG § 2K2.1(b)(5)(C).

12.     **No Role Adjustments**: The parties agree defendant does not qualify any role (aggravating or mitigating) role adjustments.

13.     **Additional Departures, Adjustments, or Variances**: The government agrees to recommend a two-level downward variance. This recommendation accounts for all 3553(a) factors including defendant's expedited early resolution, without motions or needless delay, and all of defendant's personal history and circumstances. The government agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14.     **No Zero Point Offender Downward Adjustment:** The parties agree defendant does not qualify for the two-level downward adjustment for Zero Point Offenders. USSG § 4C1.1.

Mr. Kobin Patterson                                                                   March 10, 2026
Re:  Hugo Roman Aparicio, Plea Agreement Letter
Page 5

15.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including: a White/black AR style rifle with no identifying marks or serial numbers; a Black Radical Firearm AR style rifle, serial# 20-048664;  a Brown/black SKS rifle, serial# 2100251;  a Black/gray Palmetto State Armory rifle,

Mr. Kobin Patterson                                                    March 10, 2026
Re: Hugo Roman Aparicio, Plea Agreement Letter
Page 6

serial# PI061889; a Black SKS rifle, serial# 102187150; a Gold/black unknown make rifle, partial serial # 2419 (partial); a Black Springfield Armory rifle, serial# ST454972; a Black Ruger Handgun, serial# 309-39129; a Black Sig Sauer handgun, serial# B127336; a Black Smith and Wesson handgun, serial# CVP8002; a Black/white revolver, serial # E34071; and a Black/red Taurus handgun, serial# NAP62212, and all associated ammunition and accessories, which were involved in and used to facilitate defendant's criminal activity in violation of Title 19 United States Code Sections 933(a)(3), as set forth in Count Two of the superseding indictment.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

Mr. Kobin Patterson                                                  March 10, 2026
Re:  Hugo Roman Aparicio, Plea Agreement Letter
Page 7

20.    **Abandonment of Property**:  By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the property pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, and waives right to notice of any abandonment proceedings as to $5,600 U.S. currency in order that the appropriate disposition may be made thereof by the Drug Enforcement Administration or other custodial agency.

21.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

22.    **Deadline**: This offer expires if not accepted within two weeks of the date of this letter.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY
Assistant United States Attorney

Mr. Kobin Patterson                                                 March 10, 2026
Re:  Hugo Roman Aparicio, Plea Agreement Letter
Page 8

### *United States of America v. Hugo Roman Aparicio*
### 3:24-CR-391-IM-2
### Plea Agreement

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

04/17/26
Date

_____
HUGO ROMAN APARICIO
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/17/2026
Date

_____
KOBIN PATTERSON
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

04/17/2026
Date

_____
Interpreter (if necessary)